(October 1, 1917.)

## THE PEOPLE OF THE STATE OF IDAHO, by JOHN E. REES, Prosecuting Attorney, Appellant, v. OLIVE KADLETZ, Respondent.

[167 Pac. 1161.]

QUO WARRANTO—QUALIFICATIONS OF COUNTY SUPERINTENDENT OF PUBLIC INSTRUCTION—TEACHER'S CERTIFICATE.

　　1. When the law prescribes the qualifications necessary for a person to become eligible to the office of county superintendent of public instruction, and included among such qualifications is a requirement that a candidate for the office must be a holder of a state or state life certificate, a certificate is intended which at least meets the requirements specified in the law for state certificates.

　　2. The constitution of this state provides that the qualifications for the office of county superintendent of public instruction shall be fixed by law.

　　3. A certificate issued by the state board of education, good for two years and not valid in high schools, cannot be said to be a state certificate within the meaning of the statutes of this state.

　　4. A certificate issued by the county superintendent of public instruction in 1898, valid for three years in all schools of the state, must be held to be of a lower grade than a state certificate within the meaning of the law prescribing the qualifications of county superintendent of public instruction.

　　[As to *quo warranto* proceedings involving a public office, see note in 125 Am. St. 635.]

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. F. J. Cowen, Judge.

Action in *quo warranto*. Judgment for defendant. *Reversed.*

John E. Rees and E. W. Whitcomb, for Appellant.

The legislature has no constitutional right to delegate its powers to the state board of education. The law is fundamental on this point. (6 R. C. L. 164, 165, and cases cited; 8 Cyc. 830–834, and cases therein cited.)

There is much reputable authority holding that Mrs. O'Brien was the duly elected official at the last election, even though receiving a minority vote, but the authorities are generally the other way in the United States. (15 Cyc. 391, C.)

L. E. Glennon, for Respondent.

The statutes grant to the state board of education authority to issue teacher's certificate, and any misconception of the board as to the statute will not invalidate a certificate granted. The presumption of law is in favor of every official act, and every teacher's certificate granted by the state board of education is presumed to be a valid certificate. (16 Cyc. 1076, and cases cited.)

The board of education exercised the discretionary power vested in it by statute, and found the respondent entitled to the certificate issued to her. The action of the board in so doing is not subject to collateral attack. (*School Dist. No. 25 v. Stone*, 14 Colo. App. 211, 59 Pac. 885; *Kimball v. School Dist. No. 122*, 23 Wash. 520, 63 Pac. 213; *People v. Board of Aldermen*, 18 Misc. Rep. 533, 42 N. Y. Supp. 545.)

RICE, J.—This is a proceeding in *quo warranto* brought for the purpose of ousting the respondent from the office of county superintendent of public instruction for Lemhi county, which it is alleged she holds without authority of law and which she wrongfully and unlawfully withholds from one Clara Diggles O'Brien. It is stipulated that the respondent was elected at the regular election held in Lemhi county,

November 7, 1916, and that she had all the necessary qualifications to hold the office of county superintendent of public instruction in this state, provided she held the teacher's certificate required by law.

The certificate held by the respondent reads as follows:

## "PROVISIONAL STATE CERTIFICATE.

"This certifies that Olive Kadletz has complied with the requirements of the Resolution adopted by the State Board of Education June 13, 1913, and is granted this Provisional State Certificate, which entitles the holder to teach in the public schools of the State of Idaho for a period of two years from date.

"Given at Boise, Idaho, this 3rd day of October, 1913.

"(Sgd.)   GRACE M. SHEPHERD,

"Sup't of Public Instruction.

"(Seal)                    EDWARD O. SISSON,

"State Comm'r of Education.

"WALTER S. BRUCE,

"President, State Board of Education.

"Not valid in High Schools.

"Endorsed: The within certificate is hereby renewed for a period of two years from date of expiration and is now valid until 10—3—1917.

"BERNICE McCOY,

"State Sup't. Schools.

"6—21—16."

It is further admitted that the respondent has taught school for more than two years, one of which years was while holding the above certificate.

It is further stipulated that Clara Diggles O'Brien was a candidate for the office of county· superintendent of public instruction at the same election, and received next to the highest number of votes. She held a first grade county certificate issued by the county superintendent of public instruction of Bingham county on September 1, 1898, which was good for three years from date. Under this certificate she

taught for a period of three years. On the third day of March, 1913, she was granted a state certificate, under which last-mentioned certificate she taught for a period of four months.

The only question presented in this case is as to the necessary qualifications for nomination and election to the office of county superintendent of public instruction. Section 6 of art. 18 of the constitution provides that the salary and qualifications of county superintendent shall be fixed by law. Section 3 of chap. 115, Sess. Laws 1913, p. 436, provides:

" . . . . Provided, that no person shall be eligible to the office of County Superintendent of Public Instruction unless he be, at the time of his nomination or appointment a qualified elector of the county from which he is nominated or appointed, of the age of twenty-five years, a holder of a state or state life certificate, a teacher of not less than two years actual experience and service as a teacher in the schools of Idaho, one of which year's experience must have been while holding a valid certificate of a grade not lower than a state certificate."

Section 90–A of chap. 153, Sess. Laws 1915, p. 327, provides:

"The certificates issued by the State Board of Education shall be State Certificates and Specialists' State Certificates, each of which shall be valid for eight years, and State Life Certificates valid for life, unless revoked for cause, and State High School Certificates, as hereinafter provided."

Section 90–B of the same act provides:

"State Life Certificates and State Certificates shall be valid in all schools and grades."

The statutory provisions quoted are amendments to the school code passed by the legislature in 1911. They are parts of the same act and should be construed together. While sections 90–A and 90–B, perhaps, do not properly define state certificates and state life certificates, they do provide that a state certificate shall be valid for eight years and shall be valid in all schools and grades. We must conclude, therefore, that when the law prescribed. the qualifications neces-

sary for a person to become eligible to the office of county superintendent, and included among such qualifications is a requirement that the candidate for the office must be a holder of a state or state life certificate, a certificate was intended which at least was valid for eight years and valid in all schools and grades in the state. The certificate of respondent does not meet either requirement.

Counsel for respondent contend that the law requires simply a state certificate in order to render one eligible to the office of county superintendent, without any requirement as to any kind or grade of state certificate.

It is not necessary to determine whether the state board of education possessed the authority to issue such a certificate as was awarded to the respondent in this case, but to hold that a certificate issued by the state board of education, which does not meet the requirements the law declares shall inhere in state certificates, renders the holder thereof eligible for the office of county superintendent, is tantamount to holding that the state board of education rather than the legislature may fix the qualifications for county superintendent of public instruction. This would be contrary to the constitutional provision above quoted. The respondent therefore lacks one of the essential qualifications necessary to hold the office in question, and the judgment of the trial court on that point must be reversed.

The plaintiff seeks to have a decree entered declaring the said Clara Diggles O'Brien entitled to the office in question. The only certificate held by Mrs. O'Brien under which she had the requisite experience was a first grade certificate issued by the superintendent of public instruction of Bingham county. It cannot be held that this certificate is not of a lower grade than a state certificate. The comparison must be made with the state certificate provided for by the law above quoted. It would seem that her certificate at the time of its issuance was of a lower grade than a state certificate, which was also provided for at that time. As Mrs. O'Brien does not possess the requisite qualifications to hold the office of county super-

intendent of public instruction, no decree can be entered in her favor.

The judgment is reversed, with instructions to enter a decree declaring the office of county superintendent of public instruction for Lemhi county vacant. Costs awarded to appellant.

Budge, C. J., and Morgan, J., concur.