(June 1, 1922.)

THE PEOPLE OF THE STATE OF IDAHO, on the Relation of MILTON A. BROWN, Prosecuting Attorney of Custer County, upon the Complaint of JENNIE E. KELLEHER, Respondent, v. MARGARET BURNHAM, Appellant.

[207 Pac. 589.]

USURPATION OF OFFICE—RIGHT OF JURY TRIAL.

In an action for usurpation of office under C. S., sec. 7024, a defendant has no right to have the title to such office determined by a jury.

APPEAL from the District Court of the Sixth Judicial District, for Custer County. Hon. F. J. Cowen, Judge.

Action for usurpation of office. From judgment for plaintiff, defendant appeals. *Affirmed.*

W. W. Adamson, for Appellant.

This action is in the nature of a criminal action and defendant is entitled to a trial by jury. (*People ex rel. Gorman v. Havird*, 2 Ida. 531, 25 Pac. 294, 10 L. R. A. 831; *People ex rel. Warfield v. Sutter St. Ry.*, 129 Cal. 545, 79 Am. St. 137, 62 Pac. 104.)

The right of trial by jury, as provided for under art. 1, sec. 7, of our constitution, "Secures the right as it existed at the date of the adoption of the constitution." (*Christensen v. Hollingsworth,* 6 Ida. 87, 96 Am. St. 256, 53 Pac. 211; *Shields v. Johnson,* 10 Ida. 476, 3 Ann. Cas. 245, 79 Pac. 391.)

Milton A. Brown, Chase A. Clark, W. A. Broadhead and Solon B. Clark, for Respondent.

A defendant in proceedings such as these is entitled to a trial by jury. This constitutional right exists only where there are questions of fact raised. (*Buckman v. State ex rel. Spencer,* 34 Fla. 48, 15 So. 697, 24 L. R. A. 806; *People v. Kadletz,* 30 Ida. 698, 167 Pac. 1161.)

Judgment in this case was rendered notwithstanding the verdict, which proceeding has been a recognized and regular course of procedure for trial courts when verdicts contrary to the law such as the one in this case are rendered, and constitutes the only proper action which a trial court can take to dispense real justice between the parties. (*Baxter v. Covenant Mutual Life Assn.,* 81 Minn. 1, 83 N. W. 459; *Welch v. Northern P. Ry. Co.,* 14 N. D. 19, 103 N. W. 396; *Sheehy v. Duffy,* 89 Wis. 6, 61 N. W. 295; *Plano Mfg. Co. v. Richards,* 86 Minn. 94, 90 N. W. 120.)

. DUNN, J.—This action was brought by the prosecuting attorney of Custer county for the purpose of trying the title of appellant to the office of superintendent of public instruction of said county. The complaint alleged that appellant "was not eligible to said office at the time of her nomination or election; that she did not at said time or times hold a state or state life certificate and was not a teacher of not less than two years' actual experience and service in the schools of Idaho, one of which years' experience being while holding a valid certificate of a grade not lower than a state certificate."

Appellant denied this charge of ineligibility and the case was tried before a jury. Appellant offered in evidence

in her behalf her certificate entitled "Specialist's State Certificate," which entitled her to teach primary grades in the public schools of Idaho for a period of eight years. The jury returned a verdict in favor of appellant. This verdict was clearly contrary to the law as given by the court in its instructions and contrary to the evidence. One or the other of the state certificates mentioned in the complaint was required to qualify appellant for the office. (*People v. Kadletz,* 30 Ida. 698, 167 Pac. 1161.) Thereupon the court set aside the verdict of the jury, made findings of fact in which it set out all the proceedings up to and including the verdict of the jury, and found that appellant was not qualified to hold the office of county superintendent of public instruction for the reason that she was not at the time of her nomination and election a holder of a state or state life certificate as provided by law. Thereupon judgment was entered that appellant unlawfully held the office of county superintendent of public instruction in and for Custer county, Idaho, and that she be excluded therefrom and said office declared to be vacant. Appeal was taken from said judgment.

The second assignment of error made by appellant is that "the court erred in vacating and setting aside the verdict of the jury and entering judgment for relator, thus denying the defendant the right of a trial by jury."

This action was brought under C. S., sec. 7024, which authorizes the prosecuting attorney to bring such an action "in the name of the people of the state against any person who usurps, intrudes into, holds or exercises any office or franchise, real or pretended, within this state, without authority of law." The procedure provided for by this section and several succeeding ones was enacted in substance by the first territorial legislature of Idaho, as part of the civil practice act, which was entitled, "An act to regulate proceedings in civil cases in the courts of justice of the territory of Idaho." Said provisions of this territorial act have been carried down from that date to the present with no changes that affect the merits of this controversy. The

original act provided that the action should be brought by the district attorney in the name of the people of the United States and of the territory of Idaho upon his own information or upon the complaint of a private party. (First Ter. Sess. Acts, p. 138.) In 1875 the legislature amended this law slightly and enacted that "the writ of *scire facias,* the writ of *quo warranto* and proceedings by information in the nature of *quo warranto* are abolished. The remedies obtainable in these forms may hereafter be obtained by civil actions under the provisions of this chapter," which was the chapter dealing with actions for the usurpation of office or franchise. (Eighth Ter. Sess. Acts, 157, sec. 333.)

It is not by any means clear that there was a right of trial by jury in *quo warranto* proceedings at common law in England. (22 R. C. L., p. 718, sec. 40.) And it has been held that the weight of authority is against that contention. (*State ex rel. Mullen v. Doherty,* 16 Wash. 382, 58 Am. St. 39, 47 Pac. 958, 959.)

This is not a *quo warranto* proceeding under the common law. It is usually called a proceeding in the nature of *quo warranto,* notwithstanding the territorial legislature in 1875 abolished "proceedings by information in the nature of *quo warranto.*" At the time Idaho became a state, C. S., sec. 6837, was a part of the territorial laws which were continued in force by the state constitution. (Const., art. 21, sec. 2.) Said statute reads as follows: "Sec. 6837. In actions for the recovery of specific real or personal property, with or without damages, or for money claimed as due upon contract, or as damages for breach of contract, or for injuries, an issue of fact must be tried by a jury, unless a jury trial is waived, or a reference is ordered, as provided in this code. Where, in these cases, there are issues both of law and fact, the issue of law must be first disposed of. In other cases, issues of fact must be tried by the court subject to its power to order an issue to be referred to a referee, as provided in this code."

While the constitution provides that "The right of trial by jury shall remain inviolate" (Const., art. 1, sec. 7), that

constitutional provision has been held by this court simply to preserve the right of trial by jury as it existed at the adoption of the constitution. "The guaranty found in section 7, art. 1, of the constitution, that the right of trial by jury shall remain inviolate, was not intended to extend the right of trial by jury but simply to secure that right as it existed at the date of the adoption of the constitution." (*Christian v. Hollingsworth*, 6 Ida. 87, 96 Am. St. 256, 53 Pac. 211.)

It was evidently the purpose of the territorial legislature to make this proceeding a civil action, but if we concede that it is not such an action it must be admitted that, so far as trying the title to an office is concerned, it is in the nature of a civil action. It is provided that in an action of this kind brought by the prosecuting attorney, in addition to the cause of action in behalf of the people of the state, the name of the party claiming to be entitled to the office may be set forth with a statement of his right thereto and that judgment may be rendered upon the right of the defendant and also upon the right of the party so alleged to be entitled to the office, as the form of action and justice may require. It is also provided that when several persons claim to be entitled to the same office or franchise, one action may be brought against all such persons in order to try their respective rights to such office or franchise, and also that the person rightfully entitled to an office or franchise may bring an action in his own name against the alleged usurper. The only procedure adapted to such trial is that provided by the statutes for civil actions. In this view of the case C. S., sec. 6837, would control the matter of trial by jury and under said section appellant was not entitled to a jury trial. The court had a right to call a jury, but its verdict, being only advisory, was not binding on the court. Therefore there was no error in setting it aside.

The statute under which this proceeding was brought authorizes the court, in case the defendant is found guilty of usurping an office, in its discretion, to impose a fine not exceeding $5,000. No fine having been imposed in this case,

no question arises herein as to the validity of such a judgment in a proceeding of this kind.

The other errors assigned by appellant are without merit. The judgment is affirmed, with costs to respondent.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.