STATE *ex rel.* JIM PIKE, COMPLAINANT, APPELLEE, *v.* R. H. HAMMONS, DEFENDANT, APPELLANT.

(*Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931.

CHAS. C. GUINN and BROWN & SPURLOCK, for complainant, appellee.

D. SULLINS STUART, for defendant, appellant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The bill in this cause was filed in the name of the State, by the district attorney-general, on the relation of Jim Pike, a citizen of Polk County.

The bill avers that at an election held August 7, 1930, the relator and the defendant were rival candidates for the office of justice of the peace; that on the face of the returns the relator received a majority of fourteen votes over the defendant, and was awarded a certificate of

election by the three members of the Board of Election Commissioners of Polk County, following which he took the oath of office and otherwise qualified as a justice of the peace.

It is then averred that after the election commissioners had issued a certificate of election to the relator, two members of the board, constituting a majority, prepared and signed a similar certificate of election, falsely certifying to the election of the defendant; that the two commissioners then presented this second certificate to the governor, upon which the governor issued a commission to the defendant, authenticating his title to the office of justice of the peace; that the defendant is claiming the office under said certificate and commission, and is acting as a justice of the peace for Polk County.

The bill charges that the certificate of election issued to the defendant is a nullity, for the reason that the election commissioners had exhausted their power when they issued a certificate of election to relator, and their action in issuing a second certificate to the defendant was therefore void and of no effect. For like reason, it is charged that the commission issued by the governor to the defendant is void and of no effect.

The bill further charges that on Monday following the date of the election, which was the day designated by law for canvassing the election returns by the board of election commissioners, the defendant stated that he had been defeated and would not contend for the office; that he has at no time given notice that he would contest the election or institute suit to contest the election; wherefore it is averred that the defendant is now estopped to complain against the validity of the relator's election to the office.

The bill prays that the defendant be enjoined and restrained from acting as a justice of the peace until the final hearing of the cause, and that the injunction then be made perpetual; that the relator be declared the duly elected justice of the peace, entitled to act as such, and to receive the emoluments of office. There is also a prayer for general relief.

The chancellor declined to issue the temporary injunction, but overruled a demurrer filed by the defendant, which questioned the jurisdiction of the chancery court of the matter in controversy. From his decree overruling the demurrer to the jurisdiction of the court, the chancellor granted a discretionary appeal to the defendant, upon which appeal errors have been assigned by the defendant in this court.

The assignments of error assert that the allegations and prayer of the bill constitute the cause an election contest, over which the chancery court is without jurisdiction.

The bill is filed by the district attorney-general, on the relation of a citizen of the county, under sections 5165 *et seq.*, of Shannon's Code (Code of 1858, sections 3409 *et seq.*), as a proceeding in the nature of *quo warranto*. The form of the action, instituted by the district attorney-general in the name of the State, on the relation of a citizen, is as approved in *State* v. *McConnell,* 71 Tenn. (3 Lea), 332.

The bill asserts the relator's title to the office by virtue of the certificate of election issued to him by the board of election commissioners, and supports this assertion of title by averments that the election returns, as filed with the board of election commissioners, gave him a majority of fourteen votes over the defendant.

That such a bill may be filed and prosecuted in the chancery court, under the Code sections cited, is clearly and expressly held in *State ex rel. Curry* v. *Wright,* 57 Tenn. (10 Heisk.), 237, cited with approval in *Maloney* v. *Collier,* 112 Tenn., 78, 99.

In *State ex rel. Curry* v. *Wright, supra,* the court said:

"The contest of the act of a returning officer in withholding the certificate of election from him who received the actual majority of the vote, and awarding it to him who received a minority, is not a contest of the election.

"The relator is not complaining of the election. He claims to have been elected, and the proof shows that he was actually elected. The contest must therefore come from the other side and not from him. It is not an election that he can be heard to contest, and it is not an election that may be contested under the law, so far as he is concerned."

There is no averment of the bill seeking an inquiry behind the face of the election returns, or which would authorize the court to render judgment or decree upon anything which occurred prior to the time the returns were filed with the board of election commissioners and canvassed by them. The rights of the State, and of the relator, are predicated entirely upon the averment that a certificate of election was issued to the relator, supported by a majority on the face of the election returns.

In *State ex rel. Anderson* v. *Gossett,* 77 Tenn. (9 Lea), 644, the opinion of the court in *State ex rel. Curry* v. *Wright, supra,* is criticised in so far as the earlier opinion indicated that in a proceeding of this kind decree should be awarded according to the face of the election returns, rather than on the certificate of election, in the

event the proof should show that the person to whom the commissioners issued the certificate of election was not entitled thereto on the face of the returns. The court said, in *Anderson* v. *Gossett,* that the earlier case did not require a consideration, in determining the *prima-facie* right to the certificate of election, of whether the court may go behind the certificate and look at the original returns upon which the certifying officer acted. The court said that, in *State ex rel.* v. *Wright* as well as in the case then under consideration, the certificate of election determined the right to the office. But in concluding the opinion, the court said:

"The authorities are uniform that, except in a direct proceeding to try the title to the office, the correctness of the decision of the returning officer cannot be called in question: McCrary Law of Elect., sec. 221; Cooley Const. Lim., 788. It is one thing to ascertain that decision, and another thing to impeach it. To go behind it is to contest the election, and such a contest, in the case of a sheriff, must be made under the Code, section 889."

The two cases manifest confusion as to what is meant by the "returns" of the election, behind which the court may not inquire in a proceeding in the nature of *quo warranto,* brought under the Code sections hereinabove cited. In the earlier case it was assumed that the returns filed with the canvassing board by the election officers constituted the returns which could be examined in such a proceeding. In the latter case it was assumed that the certificate of the canvassing board constituted the returns behind which inquiry may not be made in such a proceeding.

In *State ex rel. Gann* v. *Malone,* 131 Tenn., 149, 170-171, this Court said: "But the title (to an office) comes

from the people through the election, and not through a commission of the executive, or other formality. *State ex rel. v. M. J. Wright,* 10 Heisk. (57 Tenn.), 237, 253.''
In this statement the court apparently gave full weight to the principles stated in *State ex rel. v. Wright, supra.*

It is not necessary, however, that we at this time pass upon the question, whether the rights of the parties to the office of justice of the peace must be determined solely according to which of them holds the valid certificate of election from the board of election commissioners, or whether the parties may prove the election returns as filed by the officers of election with the commissioners. The demurrer did not invoke the decision of the chancellor on this question. The demurrer was properly overruled because the averments of the bill asserted that the relator held the only valid and legal certificate of election, constituting *prima-facie* evidence of his right to the office. *State ex rel. v. Malone, supra.* If the proof shows that the relator does hold a valid certificate of election, and the answer of the defendant should assert that such certificate was contrary to the result as shown by the returns filed with the commission by the election officers, the chancellor will then determine whether evidence of the result as shown by such returns is competent.

The case before us is to be distinguished from the case of *Curtis v. State ex rel. Moreland,* in which the opinion of this Court will be filed on the day of the filing of this opinion. That case is a proceeding for the writ of *mandamus,* as to which different principles are applicable from those involved in a proceeding in the nature of *quo warranto.*

The bill before us states a case for relief under the Code sections cited, and the decree of the chancellor overruling the demurrer will be sustained. Costs of the appeal will be paid by the appellant. The cause will be remanded to the Chancery Court of Polk County, for further proceedings consistent herewith.