139 P.3d 732

Stephen R. COBBLEY and Andrea L. Cobbley, husband and wife, Plaintiffs–Appellants,

v.

CITY OF CHALLIS, an Idaho municipal corporation; and Custer County, a political subdivision of the State of Idaho, Defendants–Respondents,

and

Anthony Gilliam and Gnyi Gilliam, husband and wife; Patsy Kindt and Rick Frost, husband and wife; Dennis Kugler and Cece Kugler, husband and wife; and Mike Rukavina, Interveners–Respondents.

No. 31688.

Supreme Court of Idaho, Boise, March 2006 Term.

April 27, 2006.

Rehearing Denied July 24, 2006.

Stephen R. Cobbley and Andrea Cobbley, Challis, appellants pro se. Stephen R. Cobbley argued.

Blake G. Hall, Idaho Falls, for respondent City of Challis. Blake G. Hall argued. Martin C. Hendrickson, Boise, for respondent Custer County. Michael Moore argued. Thomas E. Dvorak, Boise, for respondent Interveners. Thomas E. Dvorak argued.

JONES, Justice.

The Cobbleys live along an unpaved road just outside the city limits of Challis in Custer County. They believed the City owned the road, and complained to the City about dust from speeding cars causing a nuisance and damaging their property. Unsatisfied with the City's response, they sued the City. The City denied ownership of the road and any duty to maintain it. While litigation proceeded, respondent Custer County validated the road pursuant to I.C. § 40–203A. The Cobbleys filed a document purporting to be an appeal of the County's decision, but the district court ruled that the Cobbleys had incorrectly filed it as a pleading in their suit against the City and dismissed it. The City moved to dismiss and the district court ruled that the County's validation of the road precluded the Cobbleys from asserting that the City owned it. Thus, any relief would have to be against the County. The district court then issued an order dismissing the Cobbleys' complaint against the City and the Cobbleys appealed.

## I.

This is round two of this case, the first having been decided in *Cobbley v. City of Challis*, 138 Idaho 154, 59 P.3d 959 (2002) ("*Cobbley I*"). The road at issue in this case is known as Antelope Road or the Sewer Lagoon Road, as it is used by the City to access its sewer-treatment facility. (It will be referred to herein as Antelope Road or simply, "the road.") The Cobbleys experienced problems with speeding cars and dust, so in 1999 they brought their displeasure to the City's attention. The City eventually determined it did not own the road and thus had no responsibility to maintain it. In 2000, the Cobbleys sued the City claiming the City owned the road and had a duty to maintain it. They sought damages. The district court issued a decision ruling the Cobbleys' claim was barred for want of compliance with the Idaho Tort Claims Act. They appealed and this Court vacated the district court's order. The Court held that under a continuing tort theory the Cobbleys' failure to file a notice of claim did not bar their claim for damages, and that the Cobbleys should be able to amend their complaint to assert a claim to abate a nuisance, which would not be subject to the Tort Claims Act. *Cobbley I*, 138 Idaho at 159, 59 P.3d at 961.

From there, the procedural goings-on were somewhat complicated. After remand, the Cobbleys filed an "Amended Complaint for Damages," and later filed an "Amended Complaint to Abate Nuisance." In each, the Cobbleys alleged that a third party, Cyprus Mines, owned Antelope Road but deeded it to the City in 1986 so the City could access its sewer-treatment facility. They alleged that the road must be private, since the City could not have a public road outside city limits, and demanded that the City close the road to public use (except, apparently, for their use). The City answered and denied all the substantive allegations. It later filed a

motion for summary judgment seeking dismissal of the claim.

Seemingly in an attempt to appease the Cobbleys' concerns about traffic on the road, the City installed a barricade on it. This, in turn, apparently annoyed some other residents who used the road, and so, in August 2003, these neighbors filed an action in Custer County district court against the City. This action was titled *Gilliam v. City of Challis*. The *Gilliam* plaintiffs are Intervenors–Respondents in this appeal. In light of the *Gilliam* lawsuit and, believing the issues in *Gilliam* were the same as those at issue in the Cobbleys' case, the City filed a motion to stay the proceedings. In September 2003, the district court issued a decision denying the City's motion for summary judgment, but stayed the proceedings and joined the *Gilliam* case with the Cobbleys' case.

In October 2003, Custer County initiated proceedings to validate the road pursuant to I.C. § 40–203A. It does not appear that the Cobbleys alleged any defects in the notice procedure followed by the County (required by I.C. § 40–203A and set forth in I.C. § 40–203). Indeed, the Cobbleys submitted documents to the County for consideration at the validation proceedings, but did not attend these proceedings. In December, the County issued a decision validating the road. The Cobbleys filed a motion to reconsider with the County and this motion was denied.

Idaho Code § 40–208 provides for judicial review of a county board of commissioners' road validation decision. In January 2004, the Cobbleys filed a document in district court bearing the district court case number of their existing action against the City, titled "Appeal of Custer County Validation Decision." In this document, the Cobbleys wrote:

> AS per Idaho code 40–208, The Plaintiffs (Cobbleys) hereby appeal for **JUDICIAL REVIEW** of the Custer County Decision Validating the road known as the road to Mc Gowns a public right of way.
>
> AS PER IDAHO code 40–208(6) The Plaintiffs (Cobbleys) request that an oral argument and written briefs be accepted.

In the caption of this document, the City remained as a defendant, but the Cobbleys added Custer County as a defendant. Custer County had not been previously named as a party to the action. The Cobbleys did not pay a filing fee and did not follow the notice and service provisions required by Idaho R. Civ. P. 84(b). The Cobbleys also moved to allow additional information, and submitted information and a "Brief" supporting their claim that the City in fact owned the road.

In February 2004, the City moved to dismiss the "appeal," contending that the Cobbleys had not complied with I.C. § 40–208. In response, the Cobbleys filed several documents, including a "Motion to Allow Joinder of Custer County in CV 00–87 [the case number for the Cobbleys' case against the City]," another "Motion to allow Additional Information" (pursuant to I.C. § 40–208(5)), a "Memorandum in Support of Objection to Motion to Dismiss," and a "Brief." The Cobbleys argued in their "Brief" that they simply forgot to remove the underlying case's number from their petition for review. They argued further that Custer County should be joined because, by initiating the validation procedures, the County involved itself in the Cobbleys' case against the City. The Cobbleys argued also that the County had abandoned the road and taken their property.

The district court granted the Cobbleys' motion to join Custer County to the action. The Cobbleys have not, however, amended their complaint to add a claim against the County. In May 2004, the district court issued an order dismissing the Cobbleys' "Appeal." It reasoned that I.C. § 40–208 requires a "petition" to be filed separate from the civil action that was pending against the City. The Cobbleys appealed this decision to this Court, which issued an order dismissing the appeal, as it was not from a final judgment. In June 2004, the City again moved to dismiss, and this time the district court issued a final order dismissing the Cobbleys' complaint. The court relied on the County's validation of the road and ruled that the City was not the proper party to pursue if the Cobbleys sought abatement of an alleged nuisance. And, while the nuisance-abatement claim was not subject to the Tort Claims act under our decision in *Cobbley I*, the claim for damages was, and the Cobbleys still had not satisfied the Act's requirements.

And, even if they had satisfied the Act's requirements, they would have to pursue the County. The proper defendant for the abatement claim, too, was the County.

Finally, the district court scheduled a status conference, during which the Cobbleys apparently "emphatically stated to [the district court] that they did not want to pursue their claims against the County." A judgment dismissing the Cobbleys' claims against the City and County followed, and the Cobbleys appealed.

## II.

There are two principal issues we must decide in this appeal. First, we address the question of whether the district court properly refused to consider the Cobbleys' "Appeal of Custer County Validation Decision." Second, we decide whether the district court properly dismissed the Cobbleys' complaint against the City.

## A.

The district court did not err in refusing to consider the Cobbleys' "appeal." The Cobbleys have maintained throughout these proceedings that the City owns Antelope Road but that, since it was outside city limits, it could not be public and thus was private. They sought to demonstrate the City's ownership of the Road with their "appeal" and supporting materials. The Cobbleys argued to the district court, and argue to us, that they did not need to file a separate petition for judicial review of the County's validation decision. They seem to read the rules as allowing an appeal as part of an existing lawsuit, rather than requiring a separate action. Idaho Code § 40–203A entitles a resident or property holder within the county, who is aggrieved by a decision of the board of commissioners in a validation proceeding, to judicial review. I.C. § 40–203A(4). Such proceedings are initiated by filing a petition in the proper district court within 28 days of the filing of the final decision or after a decision on a request for rehearing. I.C. § 40–208(2). Thereafter, the procedure and standard of review on appeal are governed by the remaining provisions of I.C. § 40–208(4)–(7).

■ The district court's ruling is correct: a petition for judicial review of a road-validation decision of a local governing board is a distinct form of proceeding and cannot be brought as a pleading or motion within an underlying civil lawsuit. A board of county commissioners' authority over highways derives from the Legislature's delegation of its authority over roads and highways. *See* I.C. § 40–201. The Legislature has provided the method by which certain persons, or the board having jurisdiction over the particular highway system, may initiate proceedings to validate a road. I.C. § 40–203A. "Judicial review" is defined by our Rules of Civil Procedure as "the district court's review pursuant to statute of actions of agencies...." Idaho R. Civ. P. 84(a)(2)(C). Judicial review of an administrative decision is wholly statutory; there is no right of judicial review absent the statutory grant. Idaho R. Civ. P. 84(a)(1); *Gibson v. Ada County Sheriff's Dep't,* 139 Idaho 5, 8, 72 P.3d 845, 848 (2003); *see also Sellers v. Employment Sec. Commn. of Wyoming,* 760 P.2d 394, 395 (Wyo.1988). Thus, a party's failure to physically file a petition for judicial review with the district court within the time limits prescribed by statute and the Rules of Civil Procedure is jurisdictional and results in a dismissal of the appeal. Idaho R. Civ. P. 84(n). The appendix to the Rules of Civil Procedure affirms the distinctive nature of the petition for judicial review by giving it its own fee category. *See* Idaho R. Civ. P. app. A.

Thus, one can safely conclude that "[p]roceedings for review" of county road-validation proceedings, as provided in I.C. § 40–208, are to be characterized as separate proceedings. And since there is generally no right of review absent a statutory grant, the separate character of this form of proceeding demonstrates legislative intent that these proceedings are the exclusive means by which a validation decision can be challenged. *See Bone v. City of Lewiston,* 107 Idaho 844, 847–48, 693 P.2d 1046, 1049–50 (1984) (action for declaratory judgment, seeking order commanding city to enact zoning ordinance under Title 67, Chapter, 65, Idaho Code, was outside mandatory administrative procedures

set forth therein, and thus plaintiff could not pursue other methods of judicial review); *see also expressio unius est exclusio alterius.* It therefore goes almost without saying that if the exclusive and otherwise unavailable method is set forth in the provided-for judicial review procedures, one cannot challenge in a separate civil suit the action of a board where that board has acted on matters within its jurisdiction. *See People ex. rel. Neilson v. Wilkins,* 101 Idaho 394, 396, 614 P.2d 417, 419 (1980) (citing *Harrison v. Board of County Comm'rs,* 68 Idaho 463, 198 P.2d 1013 (1948); *Udy v. Cassia County,* 65 Idaho 585, 149 P.2d 999 (1944)) ("Where the Board of County Commissioners acts on matters within its jurisdiction and no appeal is taken, then the act becomes final and is not subject to collateral attack"). Having failed to pursue the judicial review process, the Cobbleys could not attack the County's decision in a separate proceeding.

The Cobbleys argue, however, that according to the rules there is only one filing fee per case required, and that fee—the fee for filing their complaint against the City—was paid. That I.C. § 40–208 does not within its four corners require one seeking judicial review to pay a filing fee and comply with the requirements of Idaho R. Civ. P. 84, does not mean that a challenge to a validation decision can be made within an existing lawsuit. Idaho Code § 40–208 provides the mechanism for judicial review, which is governed by statute, and, where the statute does not speak to a matter relating to judicial review, Rule 84 applies. Idaho R. Civ. P. 84(a); *Wood v. City of Lewiston,* 138 Idaho 218, 227, 61 P.3d 575, 584 (2002). Both I.C. § 40–208 and Rule 84 require the "filing" of a "petition" for judicial review. And, since there is a filing fee required by the rules of procedure for the filing of such petition (*see* Idaho R. Civ. P. app. A), the fee must be paid.

### B.

■ We turn next to the district court's order dismissing the Cobbleys' complaint against the City. Though the motion on which the district court dismissed the Cobbleys' complaint was one to dismiss, the court considered evidence outside the pleadings. In such a case, the motion is treated as one for summary judgment. *Thomson v. City of Lewiston,* 137 Idaho 473, 476, 50 P.3d 488, 491 (2002). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Idaho R. Civ. P. 56(c).

■ It cannot be seriously questioned that for one to be held liable for a nuisance, he, she, or it, must control or manage or otherwise have some relationship to the offensive instrumentality or behavior that would allow the law to say the defendant must stop causing it and/or pay damages for it. The Cobbleys' nuisance theory hinged on their allegation that the City owned the road. The City asserted that it did not own the road and had no duty to maintain it. The City apparently rested that position upon the County's validation of the road. Since there is no genuine issue of material fact bearing on the question of ownership (the Cobbleys having failed to contest the County's decision), the Cobbleys must demonstrate that there is a genuine issue of material fact bearing on the question of whether the City was causing the nuisance or was otherwise responsible for it. There is no genuine issue of material fact on this question.

The Cobbleys' theory is based solely on the City's alleged ownership of the road—they have not alleged that City officials were going on the road and causing the nuisance. The allegation is that the City was simply allowing the nuisance to occur by refusing to maintain or close the road to the public. Arguably, the City's actions prior to the County's road-validation decision may possibly be construed as conduct tending to show ownership or control or management on the City's part.[1] The City did put up the barri-

1. And it seems like the City's conduct throughout this action has been somewhat less than ideal. This case is not a model of government at work. This case appears to have proceeded for an un- necessary amount of time, thus expending an unnecessary amount of funds—and the Cobbleys can be sympathized with for the trouble they seem to have received. We are left scratching

cade (which prompted the *Gilliam* suit) before the County validated the road. At the hearing on the City's motion to dismiss, the County's attorney suggested perhaps this conduct did create a duty. But on appeal, the Cobbleys have not pointed to anything other than ownership of the road that would create a duty to maintain the road or liability for a nuisance on it.

## III.

The district court properly refused to consider the Cobbleys "appeal" of the County's road validation decision, and likewise properly dismissed the Cobbleys' complaint against the City. The district court's order is thus affirmed in whole.

 The City seeks attorney fees under the Tort Claims Act, I.C. § 6–918A, relating to the Cobbleys' claim for damages. The City, however, has not helped its argument with its conclusory justification for fees under that statute, which justification is repeated here in full: "Under the statutes, the City is entitled to an award of attorney fees on appeal inasmuch as the appeal has been brought frivolously, in bad faith and without foundation." Fees are allowed under I.C. § 6–918A when there has been "a showing, by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action." Bad faith is defined as "[d]ishonesty in belief or purpose." BLACK'S LAW DICTIONARY 134 (7th ed.1999). We do not believe this appeal has been pursued in bad faith.

 The City also seeks fees under I.C. § 12–117 for the Cobbleys' nuisance-abatement claim. (Under I.C. § 6–918A and our decision in *Cobbley I*, the claim to abate is not subject to the Tort Claims Act. *See Cobbley I*, 138 Idaho at 159, 59 P.3d at 964.) Section 12–117 provides that the court shall award fees if it finds that the party against whom the judgment is entered acted without

a reasonable basis in fact or law. Given the City's inconsistent positions regarding the road, we do not believe that the Cobbleys have pursued this appeal without a reasonable basis in fact.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and BURDICK concur.

---

our heads why this entire debacle was not resolved long ago. We asked the City's attorney at oral argument why the City and County did not have a meeting of the minds back in 1999 to resolve this issue, and counsel acknowledged the governmental entities' conduct left a bit to be desired. (In counsel's defense, he informed us that he did not begin representing the City until this matter was well underway.)