(January 17, 1918.)

## F. M. COLE, C. J. WESTCOTT and B. M. HOLT, Respondents, v. E. H. PLOWHEAD, Appellant.

[170 Pac. 732.]

ELECTION — BALLOT-BOX AS EVIDENCE — ADMISSIBILITY — CONFLICT OF EVIDENCE.

1. *Held*, that it is a fair inference from the evidence, as shown by the record in this case, that the contents of the ballot-box were in the same condition when offered in evidence at the trial as at the time of the close of the election, and that the lower court exercised a reasonable discretion in admitting in evidence said ballot-box and its contents.

2. Where there is a conflict in the evidence as to whether the contents of a ballot-box as disclosed at the trial are the same as at the close of the election, and there is substantial evidence to support the ruling of the trial court admitting the ballot-box and its contents in evidence, such ruling will not be disturbed on appeal.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Isaac F. Smith, Judge.

Action to contest election of Mayor of Caldwell. Judgment for contestants affirmed.

On power of courts to require ballot-boxes to be produced or opened in proceedings other than election contests, see note in 33 L. R. A. 386.

H. A. Griffiths, Thompson & Bicknell, John J. Plowhead, Walter Griffiths and Thos. E. Buckner, for Appellant.

"In order to continue the ballots controlling as evidence, it must appear that they have been preserved in the manner and by the officers prescribed in the statute, and that while in such custody they have not been so exposed to the reach of unauthorized persons as to afford a reasonable probability of their having been changed or tampered with." (*Hudson v. Solomon*, 19 Kan. 177; 15 Cyc. 426; *Fishback v. Bramel*, 6 Wyo. 293, 44 Pac. 840, 843; *Newton v. Newell*, 26 Minn. 529, 530, 6 N. W. 346.)

W. A. Stone, Scatterday & Van Duyn and Curtis Haydon, for Respondents.

"A recount of the ballots in an election contest should not be rejected merely because there was possible opportunity to tamper with the ballots." (*Sone v. Williams*, 130 Mo. 530, 32 S. W. 1016.)

DAVIS, D. J.—This is an appeal from the judgment of the district court decreeing that Fred L. Lilly was elected mayor of Caldwell, instead of Edward H. Plowhead, who had been declared elected by the board of canvassers of the election held April 24, 1917.

The principal points presented for the consideration of this court are whether or not the district court erred in admitting in evidence the ballot-box and its contents, used at the election, on the foundation offered to show that the ballot-box and contents had been properly kept, and had not been changed or tampered with; whether or not said district court should have stricken said ballot-box and contents from the record as evidence, in view of the facts apparent from the contents of the ballot-box, and other evidence pertaining thereto; and whether or not the evidence retained in the record was sufficient to sustain the judgment of the district court decreeing that Lilly was elected mayor.

It is practically conceded that the ballots as found in the ballot-box, when it was opened by the election judges some time after the election, gave the election to Lilly, but it is urged by the appellant, Plowhead, that the evidence fails to show that the ballot-box when it was opened contained the identical ballots that were cast at the election, and in the same condition. And it is claimed that it appears affirmatively from the evidence that the ballot-box was injured, was not tightly sealed up, and was not kept in such a way as to prevent the possibility of its contents being tampered with, and that the ballots taken from the box are not in the condition the oral evidence relative thereto states they were at the time of the election. We have carefully examined the evidence relative to the method used in caring for and keeping the ballot-box and its contents after the election, and notwithstanding some minor irregularities, it is fair to conclude from the evidence that the contents were in the same condition when offered in evidence as at the time of the election, and that the district court exercised reasonable discretion in admitting the ballot-box and contents in evidence.

The next question that arises is as to whether or not the district court should have stricken the ballot-box and contents from the evidence when it was shown by an inspection of the contents of the ballot-box that such contents were not in the same condition as declared to be by certain oral evidence relative thereto, given as a part of the foundation for its admission in evidence. The additional conflict in the evidence created by an inspection of the contents of the ballot-box did not necessarily create such a condition as would exclude the evidence from the record. It was a matter for the exercise of the discretion of the district judge, inasmuch as there was substantial evidence sustaining the view that the ballot-box and its contents were the same in effect at the time they were offered in evidence as at the time of the election.

It is clear that if Lilly received more legal ballots than Plowhead, he should have been declared elected by the counting board in the first instance, and undoubtedly it was the duty of the district judge to enter such judgment if in his

opinion, based upon a preponderance of the evidence, the ballots offered in evidence had been legally cast and were in the same condition as when brought into court. This court has carefully examined all the evidence and has counted and checked the exhibits, and in view of the oral evidence as to the condition of the ballots when first counted and the reason for rejecting them, corroborated by the condition of the ballots in evidence, this court is satisfied that the preponderance of the evidence sustains the judgment of the district court. At any rate, there is sufficient substantial evidence, properly admissible, upon which the district court may have based its judgment.

The judgment is therefore sustained. Costs awarded to respondents.

Budge, C. J., and Morgan, J., concur.