336 P.2d 687

**Elmer TIEGS, Plaintiff-Respondent,**

v.

**Ray PATTERSON, Defendant-Appellant.**

**No. 8708.**

Supreme Court of Idaho.

March 5, 1959.

Rehearing Denied March 30, 1959.

Laurence N. Smith, Dean E. Miller, Caldwell, for respondent.

Anderson, Kaufman & Anderson, Boise, Milo Axelsen Nampa, for appellant.

PORTER, Chief Justice.

On December 11, 1956, the Nampa & Meridian Irrigation District held an election for the purpose of electing a director. The Board of Directors of the Irrigation District on December 17, 1956, met and canvassed the returns of the election. The canvass showed appellant Patterson received 1,029 votes, respondent Tiegs, 1,027 votes and Dan Barker, 1 vote. Thereupon respondent requested a recount. The Board caused the ballots cast at such election to be recounted. The result of such recount showed respondent received 1,030 votes, appellant, 1,028 votes and Dan Barker, 1 vote. The minutes of the meeting of the Board show respondent was declared duly elected.

On December 18, 1956, the Board of Directors held a meeting, rejected the result of the recount and on the basis of the original election returns from the three election boards, declared appellant duly elected a director of the district for a term of three years; and the Secretary of the Board issued a certificate of election to appellant. He thereupon entered into the office of director.

Respondent Tiegs then filed his complaint in this action to obtain possession of such office from appellant Patterson, alleging that Tiegs received a majority of the votes cast at such election and was duly elected director. The matter was brought before this court upon issues raised by the pleadings. Tiegs v. Patterson, 79 Idaho 365, 318 P.2d 588. The case was remanded to the district court for further proceedings.

Appellant filed answer alleging affirmatively that he received the highest number of votes cast at the election; and the cause went to trial. Respondent relied upon the results shown by the recount as set out in the minutes of the Board of December 17, 1956. Appellant Patterson, among other things, relied upon the canvass of the returns of the election boards. He also offered in evidence the original ballots and ballot boxes which offer was by the court rejected. The court entered judgment for respondent Tiegs. Appellant has appealed from such judgment to this court.

On this appeal appellant challenges the proceedings for a recount. Section 43–211, I.C., after providing for the disposal of the ballots after they have been counted, further provides that "if any person be of the opinion that the vote of any precinct has not been correctly counted he may appear on the day appointed for the board of directors to open and canvass the returns, and demand a recount of the precinct that is claimed to have been incorrectly counted." The statutes contain no definite directions as to how or by whom the recount is to be made. We are of the opinion that under Section 43–211, I.C., the recount is to be made

by the Board of Directors and that such Board may adopt any reasonable and appropriate method for conducting such recount.

The evidence shows that three disinterested persons were employed by the Board to help recount the ballots; that such persons were not sworn; that the recount was made in the offices of the Board of Directors; that the Secretary of the Board called off the votes on the ballots and the three persons employed kept the tallies; and that all the members of the Board of Directors were not at all times present and observing the recount. There is nothing, however, in the evidence indicating that the result of the recount was affected by any irregularity in the proceedings.

The controlling issue on this appeal is the contention of appellant that the trial court erred in excluding the ballots, election returns, ballot boxes and the keys thereto which were offered in evidence by appellant. It was the announced theory of respondent and the trial court that, this being a case in quo warranto for usurpation of office, the parties could not go behind the canvass of the returns made on recount; and that the recount being valid, both parties were bound thereby. It was the theory of appellant at the trial that the fundamental question involved in this case is which candidate received the most votes, and that the ballots themselves,

if not altered or tampered with, were the best evidence as to the number of votes received by each party.

The receipt by appellant of the certificate of election was prima facie evidence of his right to the office. Respondent sought to overcome such evidence by showing that the result of the recount showed respondent to have received the most votes, and such result was prima facie evidence of the right of respondent to the office. Appellant Patterson in support of his affirmative allegation that he received the most votes, offered to prove by the original ballots that he received the most votes and thereby was duly elected to the office of director.

The weight of authority, although there are decisions to the contrary, is that in a quo warranto proceeding for usurpation of office, if the pleadings raise the issue as to which party received the most votes, the original ballots are admissible in evidence if it be shown that they remain in substantially the same condition and have not been altered or tampered with.

In 44 Am.Jur., Quo Warranto, at page 170, § 109, it is set out:

"The general rules governing the admissibility of evidence in civil actions and proceedings are applicable in quo warranto, including the rule that the evidence should be pertinent and relevant to the issues. As in other

cases, the court, may admit documentary evidence such as tax assessment rolls, election ballots, or election certificates or returns. * * *

"A prima facie showing of right to the office or franchise in question may suffice unless met by the adversary. Certificates and returns of election officers introduced in quo warranto are only prima facie evidence of the election, and it is competent to go behind the same and receive evidence of the real state of facts, as by showing that votes which were received and counted were cast by persons not qualified to vote. And so it has been held that a relator in quo warranto will not be seated in an office because the return of the canvassers was in his favor and was prima facie correct where, in fact, he had not a majority of the lawful ballots and the result would be merely to drive the defendant to a new quo warranto proceeding."

In 74 C.J.S. Quo Warranto § 45, page 264, it is said:

"* * * and, if illegality in his election is charged, the validity of the election may be examined in all respects concerning the office involved, it being permissible, except in some jurisdictions, to go behind the returns or certificates and, except in some jurisdictions, to extend the inquiry even to the ballots."

For cases holding that the original ballots are admissible in evidence see: People ex rel. Barton v. Londoner, 13 Colo. 303, 22 P. 764, 6 L.R.A. 444; State ex rel. McCormick v. Superior Court of Knox County, 229 Ind. 118, 95 N.E.2d 829; Behrendt v. Wilcox, 277 Mich. 232, 269 N.W. 155; State ex rel. Lukovich v. Johnston, Tex.Civ.App., 228 S.W.2d 327.

Cases to the contrary appear to be under statutes materially different from our Sections 6–602 and 34–2001, I.C., which are set out and discussed in Tiegs v. Patterson, supra, and which provide two distinct forms of action which may be prosecuted to try the right to an office.

The best evidence to determine the result of an election are the ballots themselves providing they remain in substantially the same condition as at the time of the election and have not been altered. Viel v. Summers, 35 Idaho 182, 209 P. 454; Cole v. Plowhead, 31 Idaho 288, 170 P. 732; Armbrust v. Starkey, 3 Ill.2d 131, 119 N.E.2d 910.

There is nothing in the evidence in this cause to indicate that the ballots offered in evidence were not substantially in the same condition as at the time of the election and were unaltered. The court did not reject the offer in evidence of the original ballots upon the ground that the ballots were not in the same condition as at the time of the election, but rejected

such evidence solely upon the ground that the ballots are only admissible in an election contest and are not admissible in a quo warranto proceedings to try title to an office.

We conclude that it was reversible error for the trial court not to admit in evidence the ballots, ballot boxes, ballot box keys and election returns offered in evidence by appellant.

The judgment of the trial court is reversed and the cause remanded for new trial. Costs awarded to appellant.

TAYLOR, SMITH, KNUDSON and McQUADE, JJ., concur.