(No. 5333.    April 24, 1930.)

CHARLES JOHNSON, Appellant, v. W. F. YOUNG et al., Board of County Commissioners, Respondents.

[287 Pac. 688.]

M. M. Myers and F. M. Bistline, for Appellant.

Bissell & Bird and A. Humphrey, for Respondents.

GIVENS, C. J.—In 1926 appellant, as a taxpayer of Power county, filed notice of appeal to the district court, under C. S., sec. 3509, from an order of the Board of County Commissioners.

Immediately upon the opening of the trial in 1927, counsel for the board urged that it was incumbent upon appellant to first show his qualification as a taxpayer as a condition precedent to his right to so appeal. Over appellant's objection the court indicated it was, and after some evidence was introduced held that appellant was not a taxpayer under C. S., sec. 3509, and entered a judgment of dismissal.

Two questions are presented: Is appellant a taxpayer, and what is the correct procedure on such an appeal.

The evidence shows that certain real property stood on the county records in appellant's name and was assessed to him, and appellant testified he owned such property. The evidence further showed that he had formerly given deeds covering this property to his sons who had never recorded the deeds or claimed or occupied the land; that appellant, except one year when his sons leased the land, had at all times occupied and used it and had always paid taxes on it though at times the taxes had been delinquent; that he had given a deed to other land to his daughter but that it really was his; that he had collected rent for it and paid taxes thereon; that one year by mistake his daughter had claimed a widow's exemption on it, which exemption was subsequently canceled and appellant paid the taxes for that year; that his daughter later gave a deed to said property to appellant's second wife, in whose name it stood at the time of the trial, and that he and his family considered this to be community property, and he paid the taxes on it.

Respondents' contest of appellant's ownership is based in substance on the giving of the deeds above mentioned and delinquence in the payment of taxes.

In *Pocatello v. Murray*, 23 Ida. 447, Ann. Cas. 1914C, 1050, 130 Pac. 383, 387, property stood in the name of one to whom it was assessed and who paid the taxes thereon, but the party claiming to be a taxpayer testified he owned a half interest in the property and that he had advanced half the taxes. The court held that this constituted him a taxpayer, announcing the test of who is a taxpayer, as commonly stated, thus: "A taxpayer is one who owns property within the municipality and who pays a tax or is subject to or liable for a tax." The court held further, in effect, that a party was a taxpayer if he pays taxes upon the interest he has in the property although the title stands in the name of another. Certainly appellant had an interest in the community property even though it stood in his wife's name.

The showing herein that appellant had an interest in the property is even stronger than in the cited case, and since it was assessed to him he was, on the face of the record, liable for the payment of the taxes, and in fact paid them. He therefore sufficiently established his status as a taxpayer.

██ This court has announced that an appeal from an order of the Board of County Commissioners must be tried anew in the district court, and that in said trial the board or the person in whose favor a claim has been allowed has the affirmative and must produce evidence to make a *prima facie* case. (*Prothero v. Board of County Commrs.*, 22 Ida. 598, 127 Pac. 175.)

The judgment is reversed and the cause remanded, with instructions to reinstate the action. Costs awarded to appellant.

Budge, Lee, Varian and McNaughton, JJ., concur.