(No. 7148.  June 22, 1944.)

LOT UDY, QUINCY WICKEL, E. R. PARISH, A. F. PARISH, R. K. HEPWORTH, GEO. L. JACOBSON, J. E. PETTINGILL, J. BASIL PETTINGILL, FRED E. OTTLEY, E. A. OTTLEY, JOE WHITTAKER, S. H.

BARKER, A. H. BARKER, R. M. MAXFIELD, LOR-
ENZO DARRINGTON, J. E. RASMUSSEN, GEORGE
DARRINGTON, WM. CHANDLER, ART M. WARD,
ELMER WICKEL, A. J. UDY, H. W. WICKEL, H. F.
DEARDORFF, REUBEN J. WARD, WILLARD WICK-
EL, C. S. GAMBLE, R. C. WAKE, MRS. MAGGIE
SCOTT, CLIFFORD BEECHER, C. L. SEARS, SADIE
SEARS, BERT COTTLE, RICHARD KOSSMAN, W.
E. WILLIAMS, R. J. HARPER and JOHN POWERS,
Appellants, v. CASSIA COUNTY, IDAHO, H. P. MAT-
THEWS, A. D. PIERCE and M. H. MANNING, Board
of Commissioners of Cassia County, Idaho, and M. M.
WARD, Respondents.

[149 Pac. (2d) 999.]

James R. Bothwell and H. A. Baker for appellants.

S. T. Lowe and Kales E. Lowe for respondents.

AILSHIE, J.—March 2, 1942, M. M. Ward, one of the respondents herein, was elected watermaster of District No. 8-C, Malta, for the irrigation season of 1942, "at a salary of $7.00 per day and supply himself for the time actually

spent in the discharge of his public duties." Instructions from the Department of Reclamation, in the form of a letter dated April 7, '42, were received by Mr. Ward, as to his duties, which read in part as follows:

"Application in writing, signed by three purported water users in your district, requesting that you begin your duties has been received in this office.

"You will therefore take charge of the waters of such district and distribute the same in accordance with the law and the decrees of the courts, to the various users in such district in accordance with the terms and conditions of their respective rights, and perform such other duties as may be required by the Department of Reclamation, under the laws of the State of Idaho, and you are hereby requested to assume your duties *at once*, and continue thereat until the necessity therefor shall cease."

At the meeting of the water users, March 2d, a committee, consisting of Elmer Wickel, W. E. Williams and O. John Nye, was appointed to determine when water was available for all water users. The committee could not agree whether water was so available; two of them, Messrs. Wickel and Williams, notified respondent watermaster, "That sufficient water was available for all water users;" the other member, Mr. Nye, notified respondent "that there was not enough water available for all water users; that if he, the said M. M. Ward, ceased to perform his duties as Watermaster, he, O. John Nye, would call him right back on again." Accordingly, Ward assumed his duties as watermaster, pursuant to notice from the Commissioner of Reclamation.

Claims for salary were subsequently filed with the Board of County Commissioners as follows:

May 1, '42, for service as watermaster and repair on headgates, Middle Fork, (claim approved and allowed by the Board, May 4th),                                    $163.85

June 1, '42, for service of watermaster, Dist. 8-C, (claim approved and allowed by Board June 4, 1942),        $217.00

June 10th respondent ceased to perform the services of watermaster and did not resume them until July 1st, '42. This was due to letters sent him by the Reclamation Department, which read as follows:

"June 10, 1942

. . . .

"At the Stockholders meeting in March a Resolution was passed requiring the watermaster to 'cease his services as long as water is available to all water users at any time during the irrigation season of 1942.'

"Evidence has been presented to me that at no time since April 15th, up to the present time, has the services of a Watermaster been required, because water has at all times been available to all water users, as stated in the resolution. When you accepted the position as Watermaster, you did so accepting the terms of the resolution, and you should have voluntarily ceased your services when you found that water was available to all water users, a condition which began about April 15th.

"An appeal was made to this office and since the meaning of the resolution seems clear and since under the terms of the resolution, watermaster services are not needed at this time, you are hereby notified to cease any activities in connection with the District until further notice."

June 26, 1942, the Department again wrote Ward as follows:

"You are hereby notified to take up your duties as watermaster in Water District No. 8-C on or about June 29th, but not later than July 1st, 1942."

No appeal has been taken from either of the orders of the Board of County Commissioners, allowing the two claims of respondent, above indicated; no warrants were drawn thereon, and respondent has never received any compensation for his services as watermaster, nor the money advanced during April and May, '42.

Prior to November 30, '42, respondent filed a claim, in the amount of $599.75, for balance due for year 1942; December 17th the latter claim was allowed.

The cause was tried to the court without a jury. The court found that the evidence failed to show there was, at any time, during the irrigation season of 1942, sufficient water available for all water users of the district; or that the necessity for respondent's services ceased prior to June 10th, '42. Judgment was entered, affirming the order of the Board of County Commissioners, allowing respondent's claim of $599.75, and for recovery of his costs. Appellants

have appealed from the judgment of the district court, allowing respondent's claim for $599.75, and also from the order taxing costs against appellants in the sum of $64.75.

On the opening of the trial, counsel for appellants made the statement to the court, "That the appellants had no contention with or objection to the action of the Board of County Commissioners. . . in allowing that portion of the claim covering compensation for the month of October, 1942, amounting to the sum of $218.90, but confined their objection to that portion of the allowed claim covering compensation for the months of April and May, 1942, in the sum of $380.80."

Under the foregoing admission made in open court, the only controversy left was over the sum of $380.85, for the April and May claims.

No appeal was ever taken from the allowance of the April bill, in the sum of $163.85, nor from the allowance of the May bill, in the sum of $217. These claims having been allowed by the Board of Commissioners, and no appeal having been taken, the allowance became final and had the effect of a final judgment after the time for appeal expired.

The Board of County Commissioners is a constitutional board (Art. 18, secs. 6 and 10, Const.; I. C. A., sec. 30-601) vested by statute with jurisdiction to audit and allow claims. (Sec. 30-716, I. C. A.) The jurisdiction of the Board and the procedure to be followed in similar cases has been stated by this court in *Gardner v. Blaine County,* 15 Ida. 698, 99 P. 826; see also *Prothero v. Bd. of Co. Commrs.,* 22 Ida. 598, 127 P. 175. The right of appeal from the Board is conferred by statute. (Sec. 30-1108, I. C. A.)

In *Johnson v. Young,* 49 Ida. 267, at 270, it was held:

"This court has announced that an appeal from an order of the Board of County Commissioners must be tried anew in the district court, and that in said trial the board or the person in whose favor a claim has been allowed has the affirmative and must produce evidence to make a *prima facie* case. (*Prothero v. Bd. of Co. Commrs.,* 22 Ida. 598, 127 P. 175.)"

In *Johnson v. Young,* 53 Ida. 271, at 283, (on rehearing) the court quoted the foregoing with approval and added the following comment:

"This court not only adjudicated appellant's status as a taxpayer, but the only question of procedure about which the parties differed was as to who had the burden of proving that status, and the court answered that question as above quoted. That answer cannot be construed to mean anything but that the burden was on respondents to prove appellant was not a taxpayer, if they relied on that to defeat the appeal, and it is the law of the case, which governs us and the parties litigant."

██ Speaking on this subject, in *Dexter Horton T. & S. Bank v. Clearwater County,* the Federal District Court has well said (235 Fed. 743, 747) :

"Administrative discretion must be lodged somewhere; and after a board of county commissioners has in good faith acted upon a matter within its jurisdiction, though carelessly and improvidently, and no appeal is taken, the order becomes final, and is not subject to collateral attack."

██ It is contended, however, that no warrants were drawn in payment of the April and May claims, and that, therefore, they should have been allowed in the later claim presented. Of course it will amount to substantially the same thing, whether the warrants be drawn in accordance with the allowance of the claims of April and May as originally entered or be incorporated in the subsequent claim. However, legally and regularly, they should have been rejected from the latter bill and the district court should not have included these two claims in his judgment in the case. Warrants should issue for both claims as allowed by the Board of Commissioners.

Upon appeal from the Board of Commissioners, the case had to be tried anew in the district court, and the burden of proof was on the claimant to establish his case. (*Prothero v. Bd. of Commrs., supra; Johnson v. Young,* 53 Ida. 283 (on rehearing).) The appeal did not shift the burden of proof.

Witnesses, whose fees are here in question, and who were actually subpoenaed and attended on the trial, were not sworn and did not testify. Respondent, in support of his cost bill, made the following showing of his reasons for not using the witnesses:

"That each and all of the said witnesses were subpoenaed to appear in said action to testify on behalf of the said respondent, M. M. Ward, for the reason that the Notice of

Appeal filed in said cause did not specify in what respect the appellants considered themselves aggrieved by the order of the Board of County Commissioners allowing said claim; that the respondent, M. M. Ward, believed that the appellants would attempt to prove that there was sufficient water for all water users within the District during the time that the said respondent was claiming compensation for his services and which compensation was included in the Bill allowed by the Board of County Commissioners of Cassia County, Idaho, from which order allowing the same, an appeal had been perfected; that the persons who were subpoenaed on behalf of the respondent, M. M. Ward, would have refuted such testimony had the testimony been introduced by the appellants; and that by reason of the failure of the appellants to introduce testimony attempting to prove that there was sufficient water for all water users, it was not necessary for and the said witnesses were not called and did not testify in said action, but had the appellants introduced any testimony that there was sufficient water for all water users in said water district during the same period, all of the said persons would have been necessary witnesses and would have been called to testify in said action."

As may be seen from the foregoing, one of the reasons given is "that the notice of appeal filed in said cause did not specify in what respect the appellants considered themselves aggrieved." The answer to that is, that the law does not require an appellant to state the reasons or grounds for his appeal. Furthermore, if the claimant contended, as he evidently must have, that there was not sufficient water for all parties, so as to render it necessary to have a watermaster, the burden was on him to show that fact rather than shift the burden to appellant. (See cases above cited.) The showing was not sufficient to justify allowance of fees claimed for the alleged witnesses. (*Griffith v. Montandon,* 4 Ida. 75, 81, 35 P. 704.)

In the light of the conclusions we have reached, it becomes unnecessary to discuss or consider any other assignments of error.

We conclude, therefore, that the judgment should be modified by striking therefrom the sum of $380.85, heretofore allowed by the Board of County Commissioners for the April and May services. Costs in the sum of $64.75, for witnesses not sworn or necessary, should be disallowed. The

judgment is affirmed as to the remainder in the sum of $218.90. Costs of this appeal to be equally divided between the parties.

Holden, C. J., and Budge, Givens, and Dunlap, JJ., concur.