271 P.2d 1022

## FREEMAN v. SUNSHINE MINING CO.

### No. 8069.

Supreme Court of Idaho.

June 15, 1954.

Rossi & Fanning, Wallace, for appellant.

H. J. Hull & Sons, Wallace, for respondent.

KEETON, Justice.

Claimant, on August 2, 1947, filed with the Industrial Accident Board, a claim for compensation because of an alleged oc-

cupational disease disability, and in his application for hearing filed June 10, 1948, claimed that he was totally and permanently disabled for work because of silicosis. The matter was set for hearing for June 30, 1948. Respondent denied liability and a voluntary settlement approved by the Board was made with claimant on the 30th day of June, 1948, and the proceedings dismissed. Thereafter on May 8, 1953, petition was filed by claimant's counsel to cancel the order of dismissal and for further hearing.

Among other defenses respondent pleaded that the claim was barred by the provisions of Secs. 72–607, 72–1228 and 72–1230, I.C. On September 1, 1953, the Board, by written final order made of record, ruled: "Recovery under claimant's present petition is barred by Sections 72–607 and 72–1230 I.C.", and denied relief and dismissed the proceedings. Thereafter, on October 2, 1953, from this order, claimant filed a notice of appeal with the Clerk of the Supreme Court and the Secretary of the Industrial Accident Board.

When the case was called for argument respondent challenged the jurisdiction of this Court to hear the matter and moved to dismiss the appeal on the ground that this Court had no jurisdiction because the notice of appeal was not filed within thirty days after the final order of the Board appealed from.

Sec. 72–609, I.C. reads in part as follows:

"Within thirty days after a final order or an award of the industrial accident board has been made and filed, any party affected thereby may appeal to the Supreme Court of the state to review the lawfulness of the final order or award. Such appeal shall be taken by filing in the Supreme Court a notice of appeal and serving a copy of the same on the secretary of the board and a copy upon the adverse party or his attorney. Such notice shall be filed and served within thirty days after such final order or award has been made and filed * * *."

It therefore appears that failure to file the notice of appeal with the Clerk of the Supreme Court and a copy with the Secretary of the Board, within the time prescribed by the above statute, deprives this Court of jurisdiction to hear the appeal. Adams v. McPherson, 3 Idaho 718, 34 P. 1095; Moe v. Harger, 10 Idaho 194, 77 P. 645; Glenn v. Aultman & Taylor Machinery Co., 30 Idaho 719, 167 P. 1163; Mills v. Board of County Commissioners, 35 Idaho 47, 204 P. 876; Estate of Dunn, 45 Idaho 23, 260 P. 432.

The requirements of the statute relative to perfecting an appeal are mandatory and jurisdictional, and failure to comply gives this Court no jurisdiction. Brebner v. Western Pine Mfg. Co., 53 Idaho 314, 23 P.2d 723.

The appeal is dismissed.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.