841 P.2d 434

**EASTERN IDAHO HEALTH SERVICES, INC., d/b/a Eastern Idaho Regional Medical Center, Plaintiff–Appellant,**

v.

**Clyde R. BURTENSHAW, A. Wylie Snarr, Clifford V. Long, sitting as the Board of County Commissioners for Bonneville County and as Board of of Equalization for Bonneville County; Board of County Commissioners of Bonneville County, Idaho, Defendants–Respondents.**

No. 19342.

Supreme Court of Idaho,
Boise, May 1992 Term.

Nov. 5, 1992.

St. Clair, Hiller, St. Clair & Dalling, Idaho Falls, for plaintiff-appellant. William R. Dalling argued.

Anderson, Pike & Bush, Idaho Falls, for defendants-respondents. Blake G. Hall argued.

REINHARDT, District Judge.

This appeal is taken from a decision in which the district court determined that it did not have jurisdiction to consider Eastern Idaho Health Services, Inc.'s appeal of the Bonneville County Board of County Commissioners' refusal to grant a refund of interest and penalties paid by the Hospital. We conclude that the district court had jurisdiction to hear the appeal, and remand for a trial de novo as required by I.C. § 31–1512.

### FACTS

The appellant is the Eastern Idaho Regional Medical Center, a health care facility located in Idaho Falls, Bonneville County, Idaho (hereafter "Hospital"). For the 1989 tax year, the Hospital was assessed county property taxes in the amount of $1,089,-710.19, to be paid in two equal installments.

The first installment was paid on December 20, 1989; however, the second installment, which was due on June 20, 1990, was not paid until July 5. As a result of the late payment, the Hospital was assessed interest and penalties in the amount of $47,-764.47. This amount was paid by the Hospital on July 6.

On July 13, 1990, the Hospital filed a petition for relief from interest and penalty, claiming that the late payment was due to excusable neglect in that there had been a significant turnover in personnel in the Hospital's business office. After an unrecorded hearing on this matter, the Board, on August 14, 1990, issued a letter denying the Hospital's request for a reduction in the penalty and interest because the Board could find no legal authority allowing them to take such an action. The Hospital filed a request for reconsideration on August 22, which the Board also denied by letter dated August 30, 1990.

On September 7, 1990, the Hospital filed a notice of appeal from the August 14, 1990, decision of the Board with the district court in Bonneville County. That notice was sent to Ronald Longmore, Bonneville County Clerk and Auditor, as well as to the county commissioners, their attorney Blake Hall, the county prosecutor, and the county assessor. The district judge heard oral argument on April 4, 1991, and issued a memorandum decision on April 24, 1991, in which the court held that it did not have jurisdiction to hear the appeal. Although the trial court recognized that it had jurisdiction under I.C. § 31–1509, it ruled that this statutory basis of appeal was waived by the Hospital's failure to specify that particular statute in its notice of appeal. The trial court also held that the notice of appeal was not timely filed, being more than twenty days after the Board's decision of August 14, 1990, which was the decision specified in the notice.

In anticipation of the filing of this appeal, the district court proceeded to rule on the merits in spite of its decision that it was without jurisdiction to hear the matter. The court found that there was no factual or legal basis for excusing the interest and penalties because of excusable neglect, and that applying the newly enacted I.C. § 63-

2203A, would constitute a retroactive application of a substantive change in the law. The court went on to note that even if that statute were applied, the Hospital's failure to apply to the tax collector rather than the Board for an adjustment would preclude relief under that statute, as would the fact that there had been no evidence presented as to the Board having set a "designated limit" for adjustments as required by the statute. Because "there were no facts developed by affidavit, sworn testimony or otherwise before the Board" to show whether the Board properly exercised its discretion, the district court found that the Hospital's contention that the Board abused its discretion was not supported by any records and was without merit.

### ISSUES ON APPEAL

The Hospital raises the following issues on appeal:

1. Did the district court err in determining that it had no jurisdiction over the Hospital's appeal because:

A. The Hospital did not reference Idaho Code § 31–1509 in its notice of appeal;

B. The Hospital failed to amend the notice of appeal at the time of oral argument;

C. The appeal was taken only from the Board's August 14, 1990, decision and was, therefore, not timely; and

D. The Hospital failed to serve notice on the proper party.

2. Did the district court err in its determination that Idaho Code § 63–2203A, provides the Hospital no basis for relief from payment of penalty and interest on delinquent ad valorem taxes.

3. Did the district court err in failing to conduct a trial de novo after the Hospital appealed the Board's decision.

### I.

### THE DISTRICT COURT HAD JURISDICTION TO HEAR THE APPEAL FROM THE BOARD OF COUNTY COMMISSIONERS' DECISION

■ The appellant contends that the trial court erred in finding that it was without

jurisdiction to hear the appeal from the Board's decision because the Hospital did not specify in the notice of appeal that the appeal was taken under I.C. § 31–1509. We agree.

In its memorandum decision denying appeal, the district court addressed I.C. § 31–1509, as follows:

> This statute does provide a basis of appeal from almost any decision or order of the Board. However, in EIRMC's notice of appeal, there is no reference to this statute. Rather, in paragraph five, EIRMC specifically states that it has a right to appeal under I.C. § 63–2210 and/or § 67–5215. Because EIRMC failed to include I.C. § 31–1509 in its notice of appeal as a basis for its appeal, and further failed to move at the time of oral argument to amend to include I.C. § 31–1509, this statutory basis of appeal was waived.

The notice required when appealing to a district court from a decision by a board of county commissioners is addressed in I.C. § 31–1510:

> Such appeal may be taken to the district court, or the judge thereof, of the judicial district of which the county is a part, by serving upon the clerk of the board a notice of appeal so referring to the act, order or proceeding appeal from as to identify it. Upon notice in writing of such appeal being brought by any person to the attention of such judge, he shall fix the earliest time, and a place convenient for himself, for the hearing of such appeal, ...

It is clear that this statute requires only a written notice which specifies the decision which is being appealed. No specific form is required, and there is no requirement that the statutory basis for the appeal be stated in the notice. As this Court noted in *Udy v. Cassia County*, 65 Idaho 585, 593, 149 P.2d 999, 1002 (1944), the law does not require an appellant to state the reasons or grounds in an appeal under I.C. § 31–1509. A statement of the statutory grounds is not required under either Idaho Rule of Civil Procedure 83(f) or Idaho Appellate Rule 17; therefore we find the fact that

there was no reference to I.C. § 31–1509, in the notice of appeal to be insufficient to support a finding of lack of jurisdiction.

The district court also denied jurisdiction because the Hospital failed to move to amend the notice of appeal at the oral argument to include I.C. § 31–1509; however, a reading of the transcript clearly shows that the Hospital advised the district court at the oral argument that it was relying on that statutory right to appeal. In the absence of a showing that the county was prejudiced by the notice of appeal not being more specific, such a notice will not be held to be fatally defective. *Fisher v. Board of County Commrs. of Bannock County*, 4 Idaho 381, 39 P. 552 (1895). Because there was no showing that the county suffered any prejudice by virtue of the Hospital's failure to specify I.C. § 31–1509, as the statutory basis for jurisdiction, we conclude that the notice of appeal filed by the Hospital was sufficient. This ground for refusing jurisdiction over the appeal from the Board's decision is reversed.

## II.

### THE NOTICE OF APPEAL WAS TIMELY

■ The district court ruled that because the appeal was filed more than twenty days after the Board's decision of August 14, 1990, it was not timely. We find this conclusion to be erroneous, and reverse that portion of the memorandum decision denying appeal.

The Hospital filed a request for reconsideration of the August 14 decision. Under Idaho Appellate Rule 14, that filing terminated the running of the time for appeal from the original decision:

> The time for an appeal from any civil judgment, order or decree in an action is terminated by the filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law, or any judgment in the action (except motions under Rule 60 of the Idaho Rules of Civil Procedure or motions regarding costs or attorneys fees), in which case

the appeal period for all judgments, orders and decrees commences to run upon the date of the clerk's filing stamp on the order deciding such motion.

When the Board issued its decision denying the request for reconsideration on August 30, 1990, the time for appeal commenced to run. We find that the September 7, 1990, filing of the notice of appeal was well within the twenty-day time limit, and reverse the district court's finding that the appeal was not timely.

### III.

### FAILURE TO SERVE THE NOTICE OF APPEAL ON THE CLERK OF THE BOARD WAS NOT A FATAL DEFECT

In its May 10, 1991, memorandum decision denying motion for reconsideration, the district court held that the Hospital failed to perfect its appeal by neglecting to serve the notice of appeal on the clerk of the Bonneville County Board of County Commissioners as required under I.C. § 31–1510. The Board does not claim that they did not receive notice of the Hospital's intent to appeal their decision, only that the notice was not served on the proper party. Notice was, however, served on the county clerk, who is the ex officio clerk of the board of commissioners under I.C. § 31–707, as well as on the Board's attorney, the county prosecutor, the county assessor, and the members of the Board itself.

Whether service on the clerk of the board of county commissioners is essential to the perfection of appeal from an order of such board was considered by this Court in *Application of Bennion*, 97 Idaho 764, 554 P.2d 942 (1976). There, we determined that substantial compliance with that requirement will suffice—the right to appeal was not lost by a technical failure to serve the clerk of the board of county commissioners when service had been made on the board, its attorney, and the county prosecutor. As we noted in that case:

> I.C. § 31–708 enumerates the duties of the clerk of the board of county commissioners. Examination of this statute re-

flects that the clerk's duties are primarily to record the activities of the board—to perform ministerial duties. It is apparent from the statute that when a notice is received by the Board, it would be the duty of the clerk to make a note or record of such receipt and in the ordinary course of events the clerk would become aware of the notice. It is difficult to understand how any prejudice could result from a mailing of a notice of appeal to the board itself, instead of to the clerk.

*Application of Bennion*, 97 Idaho at 765, 554 P.2d at 943.

We find the circumstances in the present case to be squarely on point with *Bennion*, in that this record is also devoid of any facts showing prejudice to the respondents by the notice of appeal not having been served on the clerk. Under these circumstances, we conclude that the Hospital substantially complied with the statutory requirements for service of the notice of appeal. The trial court erred in dismissing the appeal on this basis, and that portion of the memorandum decision denying appeal is reversed.

### IV.

### IDAHO CODE § 63–2203A MAY BE APPLIED

In its initial denial of the Hospital's request for a reduction in the penalties and interest assessed, the Board stated that it could find no legal authority allowing them to take such an action. The Hospital, in requesting reconsideration of that denial, relied on I.C. § 63–2203A, which had been enacted on February 15, 1990. That statute provides that:

> The board of county commissioners of any county within the state of Idaho may authorize the county tax collector to make adjustments of penalty, interest and fees not to exceed the designated limit as set by the board of county commissioners, in order to facilitate the collection of ad valorem taxes.

The trial court, in proceeding to rule on the merits of the action, held that it would be

inappropriate to apply that statute. Because the dispute was over taxes for 1989 and the statute was not enacted until 1990, the trial court felt use of that statute would constitute a retroactive application of a substantive change in the law. We conclude that the relevant date in this matter is the date on which the penalties and interest were assessed, which was July 5, 1990. Because this assessment occurred after the statutory enactment, the trial court erred in holding that I.C. § 63–2203A, could not be applied in this matter.

We also disagree with the trial court's holding that the Hospital is not entitled to relief under I.C. § 63–2203A, because it applied directly to the Board for an adjustment rather than to the tax collector. This is, again, a hypertechnical application of the statute. In view of the fact that the actions of the tax collector permitted under this statute are directed by the Board of County Commissioners, it is difficult to see how the respondent could have been prejudiced in any way by the Hospital's going directly to the Board with its request. We hold that the Hospital substantially complied with the requirements · of I.C. § 63–2203A, and that the trial court erred in holding the statute to be inapplicable.

Because this matter is to be remanded, we take this opportunity to express our opinion that under I.C. § 63–2203A, the Board is not *required* to authorize the tax collector to adjust penalties and interest which are assessed. In stating that the Board "may authorize" such an adjustment, it seems clear that the legislature intended such decisions to be left to the discretion of the Board. The fact that the Board is statutorily authorized to make adjustments does not mean that failure to do so is an abuse of discretion, as argued by the Hospital.

## V.

### THE DISTRICT COURT WAS REQUIRED TO CONDUCT A TRIAL DE NOVO

The district court conducted its hearing on this matter as an appellate procedure, with the parties submitting briefs and the court hearing oral argument. We agree with the appellant's contention that the trial court erred in failing to conduct a trial de novo as required by I.C. § 31–1512.

The pertinent portion of I.C. § 31–1512 provides that upon appeal from a decision of a board of county commissioners "the matter must be *heard anew* and the act, order or proceeding so appealed from may be affirmed, reversed or modified ..." The meaning of the phrase "heard anew" in this statute and its predecessors has been interpreted by this Court to require the action to be retried in the district court as though originally brought in that court. In *Gardner v. Blaine County*, 15 Idaho 698, 99 P. 826 (1909), the Court discussed the nature of a proceeding in the district court upon appeal from a board of county commissioners, holding that:

> What is meant by "heard anew," as used in this statute, is that the district court shall try the case as though originally brought in said court, and the case must be proven in the same way as before the board of commissioners. The affirmative and burden of proof is with the same party. It is a retrial of the case tried before the board of county commissioners.

*Gardner v. Blaine County*, 15 Idaho at 702–03, 99 P. at 827. *See also Udy v. Cassia County*, 65 Idaho 585, 149 P.2d 999 (1944); *Johnson v. Young*, 53 Idaho 271, 23 P.2d 723 (1932); *Prothero v. Board of County Commrs.*, 22 Idaho 598, 127 P. 175 (1912); *Fisher v. Board of County Commrs. of Bannock County*, 4 Idaho 381, 39 P. 552 (1895).

Because the trial court was required to hear this matter anew, we remand to the district court for a trial de novo, at which time the Hospital will have the opportunity to present evidence to support their claim that the Board of County Commissioners should make an adjustment in the penalties and interests assessed.

The function of the district court at the trial de novo is not, however, merely to determine whether the Board abused its

910

discretion in refusing to grant an adjustment. The appropriate standard of judicial review in an appeal from a board of county commissioners decision was addressed by Justice Bakes in his partial concurrence in *Cooper v. Board of County Commrs. of Ada County*, 101 Idaho 407, 614 P.2d 947 (1980):

> If the statute had required an "abuse of discretion" standard for judicial review, I would unhesitatingly affirm the decision of the district court. There is ample evidence in the record to sustain the Board of County Commissioners' decision. However, while the district court did make some de novo findings, ... taking its decision as a whole, it appears as though the district court was in fact conducting an appellate type review. The court should have been making its own judgment of the facts and the law, unfettered by the opinion of the zoning board and the Board of County Commissioners below. In that regard the trial judge was not making his decision "as though originally brought in [the district] court," based upon the facts proved at trial, but was evaluating the evidence to see whether or not the Board of County Commissioners below had "abused their discretion" in ruling as they did.

*Cooper v. Board of County Commrs. of Ada County*, 101 Idaho at 415, 614 P.2d at 955.

The district judge in this matter, in addressing the merits of the action, held:

> The question whether the Board properly exercised its discretion is a question of fact. There were no facts developed by affidavit, sworn testimony or otherwise before the Board. Therefore there is nothing for this court to review to determine if there was, in fact, an abuse of discretion. Accordingly, EIRMC's contention that the Board abused its discretion is not supported by any record and is without merit.

On remand, the district court is instructed to hear the matter anew and make its own judgment of the facts and the law, without regard to either the evidence presented to or the decisions reached by the Board of County Commissioners.

## CONCLUSION

We reverse the district court's holdings that it lacked jurisdiction to hear the appeal from the Board of County Commissioners' decision, that the appeal was not timely, that the appeal was not perfected because the Hospital failed to serve the proper party, and that I.C. § 63-2203A, was not applicable. The matter is remanded for a trial de novo consistent with this opinion.

BAKES, C.J., and BISTLINE and McDEVITT, JJ. concur.

JOHNSON, Justice, dissenting.

I respectfully dissent from part II (The Notice of Appeal Was Timely) of the Court's opinion. In my view, pursuant to I.C. § 31-1509, the Hospital had twenty days within which to appeal the Board's decision of August 14, 1990. They did not appeal within this period. I cannot accept I.A.R. 14 as authority for the extension of the period for filing an appeal from the Board's decision. The Idaho Appellate Rules govern only appellate proceedings in this Court and in our Court of Appeals.

The Hospital also cites I.R.C.P. 83 as authority to support the timeliness of its appeal. This rule does not help the Board either. The rule provides, in part:

> An appeal from an administrative or governmental agency, body or board must be filed with the appropriate district within 42 days after a decision has been signed by the appropriate officer of an administrative or governmental agency *where no other period of appeal is provided by statute.*

I.R.C.P. 83(e) (emphasis added).

The Hospital asserts for the first time on appeal to this Court that the Board did not comply with I.C. § 31-819, and, therefore, the time for appeal pursuant to I.C. § 31-1509 never commenced running. Because

this issue was not preserved in the district court, I would not address it here.